IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 8:19-c-00181-DCC-2 |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD NATHANIEL THOMAS, JR. | ) | |
|   a/k/a "TJ" | ) | |

PRELIMINARY ORDER OF FORFEITURE AS TO
DONALD NATHANIEL THOMAS, JR.

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Donald Nathaniel Thomas, Jr., ("Thomas", "Defendant"), based upon the following:

1. On May 14, 2019, a multi-count Superseding Indictment was filed charging Thomas with:

<u>Count 1</u>: Conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846;

<u>Count 2</u>: Conspiracy to import controlled substances, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(A), (b)(1)(B) and (b)(1)(F);

<u>Count 3</u>: Interstate travel and transportation in aid of drug trafficking business, in violation of 21 U.S.C. §§ 841(a)(1), 846, 952(a) and 963 and 18 U.S.C. §§ 1952(a)(3);

<u>Count 4</u>: Conspiracy to commit bulk cash smuggling, in violation of 31 U.S.C. § 5332(a)(1) and 18 U.S.C. § 371;

<u>Count 5</u>: Bulk cash smuggling, in violation of U.S.C. § 5332(a)(1);

| | |
|---|---|
| Count 6: | Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); |
| Count 7: | Possession of cocaine, in violation of 21 U.S.C. § 844(a); |
| Count 8: | False statements to federal agents, in violation of 18 U.S.C. § 1001(a)(2); |
| Counts 16 & 19: | Unlawful use of a communication facility, to wit: a telephone, in violation of 21U.S.C. § 843(b); |

2.     Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Thomas' conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

PROPERTY:

A.     CURRENCY/MONETARY INSTRUMENTS:

1.     $245,880.00 in U.S. currency[1]
seized October 23, 2018, from Donald Nathaniel Thomas, Jr., a/k/a "TJ"
Asset ID: 19-DEA-646650

2.     $47,365.00 in U.S. currency[2]
Seized from Donald Nathaniel Thomas, Jr., a/k/a "TJ" and Shequita Holloway
Asset ID: 19-DEA-649888

CASH PROCEEDS/MONEY JUDGMENT:[3]

A sum of money equal to all proceeds the defendants obtained, directly or indirectly, from the Title 21 offenses and/or a sum of

---

[1] The $245,880.00 USC has been administratively forfeited by the seizing agency.
[2] The $47,365.00 USC has been administratively forfeited by the seizing agency.
[3] The government is not pursuing a money judgment against the defendant.

money equal to all property involved in the Title 31 offenses as charged in this Superseding Indictment, and all proceeds traceable thereto, for which the defendants are liable.

<u>SUBSTITUTE ASSET</u>:

Real Property
1123 South Main Street
Greenwood, SC 29646

All that certain piece, parcel or lot of land with any improvements thereon, situate, lying and being in the City of Greenwood, County of Greenwood, State of South Carolina, fronting on South Main Street for a distance of seventy (70) feet, more or less, and extending back therefrom on the Northern Side for a distance of 275.4 feet, more or less; on the southern side for a distance of 274.5 feet, more or less, and being 70 feet, more or less, wide in the rear, the said lot being bounded as follows: On the West by South Main Street, on the North by lot, now or formerly, of Mrs. Sudie May Sligh, on the East by lot, now or formerly, of J.C. Golding and on the South by lot, now or formerly, of D.P. Coursey as more particularly set out on plat by J. Hearst Coleman Col. Engineer, dated March 13, 1959 and recorded in Plat Book 9 at Page 109 in the Office of the Clerk of Court for Greenwood County.

This being the identical property conveyed to Barry Simmons by Special Referee's Deed from Curtis G. Clark as Special Referee for Greenwood County dated July 24, 2018 and recorded in Deed Book 1604 at Page 2950 in the Office of the Clerk of Court for Greenwood County.

Tax Map Number: 6855-073-621

3. On August 28, 2019, Thomas signed a plea agreement, agreeing to forfeiture, and on September 26, 2019, entered into a plea of guilty as to Counts 1 and 8 of the Superseding Indictment.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 21 U.S.C. § § 853 and 881 and 28 U.S.C. § 2461(c).

5. The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offenses for which Thomas has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is herby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Donald Nathaniel Thomas, Jr., in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

> 1123 South Main Street
> Greenwood, SC 29646
>
> All that certain piece, parcel or lot of land with any improvements thereon, situate, lying and being in the City of Greenwood, County of Greenwood, State of South Carolina, fronting on South Main Street for a distance of seventy (70) feet, more or less, and extending back therefrom on the Northern Side for a distance of 275.4 feet, more or less; on the southern side for a distance of 274.5 feet, more or less, and being 70 feet, more or less, wide in the rear, the said lot being bounded as follows: On the West by South Main Street, on the North by lot, now or formerly, of Mrs. Sudie May Sligh, on the East by lot, now or formerly, of J.C. Golding and on the South by lot, now or formerly, of D.P. Coursey as more particularly set out on plat by J. Hearst Coleman Col. Engineer, dated March 13, 1959 and recorded in Plat Book 9 at Page 109 in the Office of the Clerk of Court for Greenwood County.
>
> This being the identical property conveyed to Barry Simmons by Special Referee's Deed from Curtis G. Clark as Special Referee for Greenwood County dated July 24, 2018 and recorded in Deed Book 1604 at Page 2950 in the Office of the Clerk of Court for Greenwood County.
>
> Tax Map Number: 6855-073-621

5.	The Court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

6.	It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Defendant Thomas as a result of his violations of Title 21, United States Code, Sections 841 and 846, and that such substitute assets shall not exceed the value of the proceeds Defendant Thomas obtained of $1,165,730.00.

Accordingly, it is hereby **ORDERED,**

1.	FORFEITURE IS ENTERED against Donald Nathaniel Thomas, Jr., a/k/a "TJ" and in favor of the United States in the amount of $1,165,730.00, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the judgment.

2.	The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed judgment.

3.	Having found that through the acts or omissions of the Defendant, that certain directly forfeitable property

(1)	Cannot be located upon the exercise of due diligence;

(2)	Has been transferred or sold to, or deposited with, a third person;

(3) Has been placed beyond the jurisdiction of the court;

(4) Has been substantially diminished in value; or

(5) Has been commingled with other property which cannot be subdivided without difficulty;

the United States may sell or otherwise dispose of any substitute assets in accordance with the law as required to satisfy the above imposed judgment.

4. The Government has determined that Defendant Thomas has an interest in the following real property:

**<u>1123 South Main Street</u>**
**<u>Greenwood, SC 29646</u>**

All that certain piece, parcel or lot of land with any improvements thereon, situate, lying and being in the City of Greenwood, County of Greenwood, State of South Carolina, fronting on South Main Street for a distance of seventy (70) feet, more or less, and extending back therefrom on the Northern Side for a distance of 275.4 feet, more or less; on the southern side for a distance of 274.5 feet, more or less, and being 70 feet, more or less, wide in the rear, the said lot being bounded as follows: On the West by South Main Street, on the North by lot, now or formerly, of Mrs. Sudie May Sligh, on the East by lot, now or formerly, of J.C. Golding and on the South by lot, now or formerly, of D.P. Coursey as more particularly set out on plat by J. Hearst Coleman Col. Engineer, dated March 13, 1959 and recorded in Plat Book 9 at Page 109 in the Office of the Clerk of Court for Greenwood County.

This being the identical property conveyed to Barry Simmons by Special Referee's Deed from Curtis G. Clark as Special Referee for Greenwood County dated July 24, 2018 and recorded in Deed Book 1604 at Page 2950 in the Office of the Clerk of Court for Greenwood County.

Tax Map Number: 6855-073-621

The United States is therefore entitled to forfeiture of this property as a substitute asset to partially satisfy the imposed proceeds judgment of $1,165,730.00. All rights and interests of Defendant Thomas in and to the property located at 1123 South Main Street,

Greenwood, South Carolina are forfeited to the United States as substitute assets, subject to the provisions of 21 U.S.C. §853(n) and shall be applied towards partial satisfaction of the proceeds judgment.

5. Upon entry of this Order, the Government is further authorized to conduct discovery to identify or locate substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with the statutes governing third party rights, if applicable.

6. The government is not required to publish notice regarding the judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

7. The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

8. Upon entry of this Order, the United States is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

9. This Order shall serve as a Writ of Entry and Inspection, authorizing the U.S. Marshals Service, and their authorized representatives to enter onto and into the premises of the above-described real property as necessary for purposes of conducting inspections, appraisals and videotaping the property, to record and document the

condition, value and maintenance of the property until these proceedings are concluded. Any occupants shall be served with a copy of this order and provided notice of the forfeiture of the said property.

10. Upon entry of this Order, the United States is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

11. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

12. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

13. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

14. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the

expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

15. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. CRim. P. 32.2(e).

16. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

17. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                           s/ Donald C. Coggins Jr.
                                           DONALD C. COGGINS, JR.
                                           UNITED STATES DISTRICT JUDGE

May 28, 2020
Spartanburg, South Carolina